**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

v.

**Sollie COMBS, Marie Hollon, and
Logan Combs, Appellees.**

Court of Appeals of Kentucky.

March 19, 1971.

Don Duff, Dept. of Highways, Frankfort,
Kenneth S. Baker, Dept. of Highways, Jackson, for appellant.

A. Dale Bryant, Jackson, Henry L. Spencer, Lexington, for appellees.

CULLEN, Commissioner.

The jury's verdict in this highway-condemnation suit awarded the landowners $9,500 as damages resulting from the taking of a strip of land embracing 7.14 acres through a 300-acre farm. The Department of Highways has appealed, contending only that the verdict is excessive on its face and is not supported by evidence of probative value.

The farm, before the condemnation, consisted of about 50 acres of "bottom land" or "crop land," 40 acres of pasture land and 210 acres of hilly woodland. The strip taken for the highway traversed the farm lengthwise, crossing through the middle of a tract of bottom land at one end, then making a cut through a high hill, and finally again crossing through some rolling pasture land. Where it crosses the bottom land the highway is constructed on a fill ranging as high as 40 feet.

The estimates of the two appraisal witnesses for the department placed the "after" value at $2,250 and $2,023, respectively, below the "before" value, which one witness fixed at $36,980 and the other at $30,612. One of the two witnesses for the landowners fixed the "after" value at $7,500 below a "before" value of $36,000, and the other witness fixed the "after" value at $9,500 below a "before" value of $38,000. The jury adopted the values fixed by the latter witness.

The department's contention that the verdict is excessive and is not supported by evidence of probative value rests on the proposition that the only loss of value resulting from the condemnation was that of the strip actually taken. We think, however, that the evidence warranted the belief that other elements of value were lost. There was testimony that as a result of the construction of the fill across the bottom land, and as a result of the construction of a drainage trough or ditch, water ponded

in the bottom land on one side of the fill and was diverted in large quantities on the other side. Also there was testimony that the water supply for the pasture land, and the fencing for that land, were destroyed, and that access to a portion of the timberland was cut off. We think that this evidence supported the finding that the "after" value was $9,500 less than the "before" value.

The judgment is affirmed.

All concur.